[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried in East Haven, Connecticut on May 25, 1979. There are three children issue of the marriage: Stephanie Consiglio, born April 29, 1982; Robert C. Consiglio, born February 28, 1987; and Christina Consiglio, born August 8, 1988.
The parties are before the court upon the complaint of the CT Page 8170 plaintiff and the cross-claim of the defendant. The evidence presented at trial clearly established that the marriage of the parties has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in § 46b-56, § 46b-56a, § 46b-81, § 46b-82 and §46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 17 years. They agree that stress upon the marriage first surfaced back in 1991-1992 because of plaintiff's Friday night treks to Ledyard to satisfy his apparent interest in gambling. Defendant countered by spending Thursday nights with girlfriends, frequenting several bars for such get togethers. Upon defendant's discovery in late 1992 plaintiff's gambling sojourns were in the company of another woman, the irretrievable breakdown of the marriage occurred. This was fueled by mutual on going feelings of disinterest, lack of love and affection, and a breakdown in communication.
Although both parties should share the blame for the breakdown, of their marriage, the court believes that the husband's gambling and female companionship justify attributing a greater share of the "fault" to him.
In entering the orders that follow, the court has considered the health of the husband who presently is diabetic, a condition, he controls, with oral antidiabetic medication. Despite this condition the evidence discloses that the husband has been able to maintain a 6-day work week during the past three years. In addition the court has considered that the wife has been the primary and, since 1994, the sole caretaker of the minor children. Both the husband and wife have maintained employment throughout their marriage. The court has considered the statutory criteria with respect to both parties.
I. CUSTODY AND VISITATION
A. There shall be joint legal custody of the three minor children, the physical custody and residence of the children to be with the wife.
B. The plaintiff husband shall be entitled to reasonable, CT Page 8171 liberal and flexible visitation with the minor children; said visitation to include the following:
1. The children shall be with their father on Christmas eve from 4:00 p.m. until 8:00 p.m., and on Christmas Day from 3:00 p.m. until 10:00 p.m.
2. The children shall be with their father on Thanksgiving Day from 5:00 p.m. until 10:00 p.m.
3. The husband and wife shall work out between themselves the sharing of vacation times, other holidays and birthdays. During the summer vacation the father is entitled to have the children with him for a two week period of his selection with proper consideration of the mother's and children's schedule and commitments. The father must give (2) weeks notice in advance thereof of his intention to have the children with him during such period.
If the parties cannot agree as to holiday and or birthday sharing, either party may petition the Superior Court for guidance and a determination of the issue.
Husband shall have the right to daily telephone contact with the children. Telephone contact shall be at reasonable hours and times. The wife shall have the right to reasonable telephone contact when the children are with the husband at reasonable hours and times.
II. CHILD SUPPORT
Husband shall pay to wife, as child support, the sum of $74.00 per week for each of the three minor children, said payment totalling $222.00 per week, and continuing with respect to each child until said child completes the twelfth grade or attains the age of nineteen which ever first occurs, as set forth in Conn. General Statutes § 46b-84, or such child's emancipation or death. Said child support payments shall commence on Friday, November 1, 1996.
III. ALIMONY
Husband shall pay to wife the sum of $65.00 per week, as alimony payable on Friday of each week, commencing October 25, 1996. Said alimony payments are to continue for a period of ten CT Page 8172 years which will coincide with the eighteenth birthday of the youngest child, Christina, or until the death or remarriage of the wife, or until the death of the husband, which ever is first to occur.
IV. REAL ESTATE
The marital residence, currently in the name of both husband and wife, as joint tenants with right of survivorship, located at 20 Victor Street, East Haven, CT is presently under foreclosure. The parties agree that the debt on said property is approximately $90,000. The Court has been advised by counsel that the property is in strict foreclosure, which would indicate that there is little, if any, equity in the property. Nevertheless, the wife desires and is attempting to secure financing to redeem the property in order to remain with the children in their present home. Therefore, the court orders the husband to convey to the wife, by quitclaim deed, all of his right, title and interest in and to the marital residence. The wife shall be responsible for any mortgage, taxes, maintenance and insurance charges from the date of transfer, and shall indemnify and hold the Husband harmless therefrom.
Should the property go through foreclosure and the wife fail to redeem, nothing herein can or is intended to relieve the husband and wife from their individual liabilities as to a deficiency, if any, claimed by the foreclosing party.
V. PERSONAL PROPERTY
A. The wife shall retain all children's furniture, furnishings and play things including all children's clothing.
B. The balance of the furniture and furnishings shall be divided between the parties in accord with an understanding that defendant is to retain the vast majority of the furniture in order to furnish a home for herself and the children and the acknowledgement of the plaintiff that his present living quarters are furnished.
If the parties cannot agree as to division of the furniture and furnishings, they or either of them is directed to seek; mediation with the Family Relations Division of the Superior Court at New Haven. If such mediation is unsuccessful, either party may return to court for an order as to division of said CT Page 8173 items.
VI. OTHER PROPERTY
A. The defendant wife shall have sole ownership, title and use of the 1989 Ford Taurus Stationwagon.
The plaintiff husband shall have sole ownership, title and use of the 1985 Honda Accord.
Each party shall execute and deliver all necessary documents, required to transfer title and ownership of said respective vehicles to the other party so as to enable the registration of each vehicle in the name of the new owner of record.
B. Each party shall retain their own pension or retirement account with his or her employer and waive any right, title and interest each has or may have in the future in the pension and/or retirement account of the other.
VII. MEDICAL COVERAGE
A. the parties shall maintain medical and health insurance for the benefit of the minor children to the extent obtainable through their respective employment. In the event that neither party has such insurance available for the children through an employer, each party shall be responsible for procuring and maintaining a health insurance plan for the benefit of the minor children and shall share the cost of such plan equally. Such coverage shall continue for the benefit of each child for so long as the husband has an obligation to pay child support as set forth above.
B. The parties shall divide equally any uninsured/unreimbursed medical and dental expenses. Medical expenses shall include optical, surgical, psychiatric, psychological and reasonable nursing expenses, cost of prescription drugs and dental expenses including orthodontia expenses.
C. Neither party shall contract for any extraordinary expenses on behalf of the minor children without first consulting the other, except in the case of emergencies. "Extraordinary expenses" for the purposes of this paragraph shall be defined as psychiatric or psychological counseling or therapy, elective CT Page 8174 surgery or nonmedical healing acts. Consent to such treatment or counseling shall not be unreasonably withheld.
VIII. DEBTS
The defendant wife has recently received a discharge in bankruptcy as to multiple debts, excluding, however real estate taxes of the Town of East Haven on the family dwelling for the years 1992-1996 in the amount of $9,400. The wife shall be responsible for this debt and shall indemnify and hold harmless the plaintiff with respect to all unpaid property taxes on the marital home.
The wife shall be responsible, also, for any balance due SNET which, on the marital home phone according to her claims for relief, is in the amount of $418.56.
The plaintiff Husband shall be responsible for the following debts to the extent that they still exist.
a) New Haven Savings Bank $2,000.00
b) United Illuminating 543.46
c) Sears 1,000.00
d) J.C. Penney 450.00
e) Discover Card 3,500.00
f) Visa Card 350.00
In addition, both plaintiff Husband and defendant wife shall each be responsible for 50% of the present outstanding balance on the FIRST USA VISA account, which as of September 30, 1996 was $5,484.34.
IX. TAX EXEMPTIONS
Commencing in this tax year i.e. 1996, the plaintiff shall be entitled to take one (1) of the minor children as a tax exemption on his federal and state income tax returns providing he is current in his support payments as of December 31, 1996.
Commencing in this tax year 1996, the defendant shall be CT Page 8175 entitled to take two (2) of said children as exemptions for Federal and State Tax purposes.
Thereafter plaintiff shall be entitled to claim two (2) children commencing in 1997 and continuing thereafter in odd numbered years, only, and defendant shall be entitled to claim two (2) children in even numbered years only and each party will be entitled to claim one (1) child dependent in those tax years when not entitled to claim two children.
Plaintiff husband's right to claim the minor children as above in any tax year, however, will depend upon his being current with all child support payments as of December 31 of the year in which he seeks such exemption.
X. COUNSEL FEES
Each party shall be responsible for their respective counsel fees.
David W. Skolnick, Judge